**BROWN, NOVICK & COLARULO**
Attorneys at Law
38 North Broad Street
Woodbury, NJ 08096
(856) 845-7898
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH PHILLIPS and LARRY PHILLIPS, her husband,<br><br>      Plaintiff(s)<br><br>     v.<br><br>USAA CASUALTY INSURANCE COMPANY, JOHN DOE, JOHN DOE, INC. and/or JOHN A. DOE, INC.,<br><br>      Defendant(s) | CIVIL ACTION<br><br>NO. 14-CV-7107-RMB-KMW<br><br><br><br>**SECOND AMENDED** COMPLAINT, JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL |

The Plaintiff, DEBORAH PHILLIPS, currently residing at 144 East Avenue, City of Swedesboro, County of Gloucester and State of New Jersey, by way of Complaint against the above-named parties, says:

### FIRST COUNT
### (UNDERINSURED MOTORIST BENEFITS)

1.  On or about the 1st day of May, 2011, the Plaintiff, DEBORAH PHILLIPS, was the operator of a motor vehicle which was traveling southbound on Delsea Drive near the intersection of Hurffville-Crosskeys Road in Washington Township, New Jersey.

2.  At the aforementioned time and place, Tara Ward, was the operator of a motor vehicle owned by Joseph Ward, which was traveling on Hurffville-Crosskeys Road near the intersection of Delsea Drive at the aforementioned time and place.

3.  At said time and place, Tara Ward operated her automobile in such a careless and negligent fashion to cause a collision.

4.   Ward's insurer, Plymouth Rock Insurance Company, settled the underlying case on her behalf for the full policy limits of $100,000.00 in October of 2013.

5.   At the time of the accident, Plaintiff, DEBORAH PHILLIPS, was covered by a policy of insurance with Defendant, USAA CASUALTY INSURANCE COMPANY, under policy number 003561057C71015 and claim number 3561057-7101-8-6833.

6.   The Plaintiff, DEBORAH PHILLIPS, filed an underinsured motorist claim against Defendant, USAA CASUALTY INSURANCE COMPANY.

7.   Defendant Tara Ward was underinsured at the time of this collision. The automobile insurance coverage of Plaintiff, DEBORAH PHILLIPS, provided her with Underinsured motorist benefits for compensation of pain and suffering and economic loss.

8.   Plaintiff made a written demand upon USAA CASUALTY INSURANCE COMPANY to proceed to an Underinsured Motorist Arbitration. Defendant USAA CASUALTY INSURANCE advised the Plaintiff that litigation was required under the policy in lieu of arbitration.

WHEREFORE, the Plaintiff, DEBORAH PHILLIPS, demand judgment against the Defendant, USAA CASUALTY INSURANCE COMPANY, for such sums of monies as may reasonably and fairly compensate her in accordance with the laws of the State of New Jersey, together with interest and costs of suit.

## SECOND COUNT

The Plaintiff, DEBORAH PHILLIPS, hereby repeats each and every allegation of the First and Second Counts, inclusive, and makes the same a part hereof, as though set forth at length herein.

9.      The Plaintiff, DEBORAH PHILLIPS, as an insured of Defendant, USAA CASUALTY INSURANCE COMPANY, was at all times owed the duty of good faith and fair dealing by said Defendant.

10.     At all times relevant hereto, the Defendant, USAA CASUALTY INSURANCE COMPANY, in the handling of the matter herein, did participate in unfair claim settlement practices, in violation of New Jersey State Common and Statutory Law.

11.     Said unfair claim settlement practices by Defendant, USAA CASUALTY INSURANCE COMPANY, included their failure to tender any offer of settlement, despite the clear and convincing proofs provided to Defendant, USAA CASUALTY INSURANCE COMPANY, and said Defendant's acts have now compelled Plaintiff to institute litigation to recover amounts due under insurance policy, further delaying the resolution of Plaintiff's claim.

12.     Defendant, USAA CASUALTY INSURANCE COMPANY, has handled the claim of Plaintiff in "bad faith" as they have no reasonable basis for denying the benefits of the policy, and Defendant's conduct has been knowingly unreasonable, showing a reckless indifference to the facts and proofs submitted by the Plaintiff.

WHEREFORE, Plaintiff, DEBORAH PHILLIPS, demands judgment against the Defendant, USAA CASUALTY INSURANCE COMPANY:

a. For such sums of money as may reasonably and fairly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and costs of suit;

b. For consequential damages in just and reasonable amounts;

c. For such costs, disbursements and fees as the Court deems just and reasonable.

### THIRD COUNT

The Plaintiff, LARRY PHILLIPS, hereby repeats each and every allegation of the Complaint and makes the same a part hereof as though set forth at length herein.

13.    The Plaintiff, LARRY PHILLIPS, is the husband of the injured Plaintiff, DEBORAH PHILLIPS, residing with her at the same address.

14.    Due to the injuries to the Plaintiff, DEBORAH PHILLIPS, the Plaintiff, LARRY PHILLIPS, has been deprived of the services, consortium and company of the injured Plaintiff.

WHEREFORE, Plaintiff, LARRY PHILLIPS, demands Judgment against the Defendant, USAA CASUALTY INSURANCE COMPANY:

A. For such sums of money as may reasonably and fairly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and costs of suit;

B. For consequential damages in just and reasonable amounts;

C. Requiring the disgorgement of such unlawful profits in addition to the restitution to the Plaintiff of the benefits unlawfully and unfairly withheld from her; and

D. For such costs, disbursements and fees as the Court deems just and reasonable.

## FOURTH COUNT

The Plaintiff, DEBORAH PHILLIPS, hereby repeats each and every allegation of the Complaint and makes the same a part hereof as though set forth at length herein.

15. By reason of the aforesaid accident, the Plaintiff, DEBORAH PHILLIPS, was severely and permanently injured, suffered, still suffers and will, in the future, suffer great pain and anguish, was confined for a period of time and will so be confined in the future, became, still is and will, in the future, be incapacitated from continuing her usual course of conduct and/or employment, was obliged to incur large expenses in the care and treatment of the aforesaid injuries and was otherwise injured, damaged and restricted in her bodily movements.

16. At said time and place, the Plaintiff, DEBORAH PHILLIPS, was a named insured on a policy of insurance with Defendant, USAA INSURANCE COMPANY, under claim number 00356105771014.

17. Plaintiff, DEBORAH PHILLIPS, gave notice to the Defendant, USAA INSURANCE COMPANY, of the aforesaid accident and of the Personal Injury Protection benefits requested under her policy of insurance.

18. By reason of the aforesaid accident and the injuries sustained by the Plaintiff, the Plaintiff, DEBORAH PHILLIPS, is entitled to benefits pursuant to the aforesaid policy and New Jersey statute.

19. The Defendant, USAA INSURANCE COMPANY, has refused and continues not to honor all the claims of the Plaintiff herein for payment of the personal injury protection benefits.

WHEREFORE, the Plaintiff, DEBORAH PHILLIPS, demands judgment against the Defendant, USAA INSURANCE COMPANY, for (1) All sums that are payable under the aforesaid insurance policy and the laws of the State of New Jersey; (2) Interest; (3) Costs of suit; (4) Attorneys Fees.

<u>**FIFTH COUNT**</u>

**The Plaintiff, DEBORAH PHILLIPS, hereby repeats each and every allegation of the Complaint and makes the same a part hereof as though set forth at length herein.**

**20. On or about the 23rd day of April, 2014, the Plaintiff, DEBORAH PHILLIPS, was the owner and operator of a motor vehicle which was traveling on Crosskeys Road in Winslow Township, New Jersey.**

**21. At the aforementioned time and place, Alia Jenkins, was the operator of a motor vehicle owned by A.W. Transportation, Inc., which was also traveling on Crosskeys Road in Winslow Township at the aforementioned time and place.**

**22. At said time and place, Alia Jenkins, A.W. Transportation, John Doe and/or John Doe, Inc. operated their automobiles in such a careless and negligent fashion as to cause a collision.**

23. Jenkins' insurer, also USAA, settled the underlying case on her behalf for the full policy limits of $50,000.00 in September of 2014. A.W. Transportation's insurer, Liberty Insurance (providing excess coverage for Jenkins), settled the underlying case on her behalf for the full policy limits of $15,000.00 in September of 2014. The total payments to the Plaintiff are $65,000.00.

24. At the time of the accident, Plaintiff, DEBORAH PHILLIPS, was covered by a policy of insurance with Defendant, USAA CASUALTY INSURANCE COMPANY, under policy number 003561057C71015 and claim number 00356105771014.

25. The Plaintiff, DEBORAH PHILLIPS, filed an underinsured motorist claim against Defendant, USAA CASUALTY INSURANCE COMPANY.

26. Alia Jenkins and A.W. Transportation Inc. were underinsured at the time of this collision. The automobile insurance coverage of Plaintiff, DEBORAH PHILLIPS, provided her with Underinsured motorist benefits for compensation of pain and suffering and economic loss. That policy afforded UIM benefits of $300,000.00. $235,000.00 of available coverage exists for this UIM claim.

27. Plaintiff made a written demand upon USAA CASUALTY INSURANCE COMPANY to proceed to an Underinsured Motorist Arbitration. Defendant USAA CASUALTY INSURANCE advised the Plaintiff that litigation was required under the policy in lieu of arbitration.

WHEREFORE, the Plaintiff, DEBORAH PHILLIPS, demand judgment against the Defendant, USAA CASUALTY INSURANCE COMPANY, for such sums of monies as may reasonably and fairly compensate her in accordance with the laws of the State of New Jersey, together with interest and costs of suit.

**SIXTH COUNT**

The Plaintiff, DEBORAH PHILLIPS, hereby repeats each and every allegation of the Complaint and makes the same a part hereof as though set forth at length herein.

28. The Plaintiff, DEBORAH PHILLIPS, as an insured of Defendant, USAA CASUALTY INSURANCE COMPANY, was at all times owed the duty of good faith and fair dealing by said Defendant.

29. At all times relevant hereto, the Defendant, USAA CASUALTY INSURANCE COMPANY, in the handling of the matter herein, did participate in unfair claim settlement practices, in violation of New Jersey State Common and Statutory Law.

30. Said unfair claim settlement practices by Defendant, USAA CASUALTY INSURANCE COMPANY, included their failure to tender any offer of settlement, despite the clear and convincing proofs provided to Defendant, USAA CASUALTY INSURANCE COMPANY, and said Defendant's acts have now compelled Plaintiff to institute litigation to recover amounts due under insurance policy, further delaying the resolution of Plaintiff's claim.

31. Defendant, USAA CASUALTY INSURANCE COMPANY, has handled the claim of Plaintiff in "bad faith" as they have no reasonable basis for denying the benefits of the policy, and Defendant's conduct has been knowingly unreasonable, showing a reckless indifference to the facts and proofs submitted by the Plaintiff.

WHEREFORE, Plaintiff, DEBORAH PHILLIPS, demands judgment against the Defendant, USAA CASUALTY INSURANCE COMPANY:

a. For such sums of money as may reasonably and fairly compensate Plaintiff in accordance with the laws of the State of New Jersey, together with interest and costs of suit;

b. For consequential damages in just and reasonable amounts;

**c. For such costs, disbursements and fees as the Court deems just and reasonable.**

SEVENTH COUNT

The Plaintiff, DEBORAH PHILLIPS, hereby repeats each and every allegation of the Complaint and makes the same a part hereof as though set forth at length herein.

32. By reason of the aforesaid accident, the Plaintiff, DEBORAH PHILLIPS, was severely and permanently injured, suffered, still suffers and will, in the future, suffer great pain and anguish, was confined for a period of time and will so be confined in the future, became, still is and will, in the future, be incapacitated from continuing her usual course of conduct and/or employment, was obliged to incur large expenses in the care and treatment of the aforesaid injuries and was otherwise injured, damaged and restricted in her bodily movements.

32. At said time and place, the Plaintiff, DEBORAH PHILLIPS, was a named insured on a policy of insurance with Defendant, USAA INSURANCE COMPANY, under claim number 00356105771014.

34. Plaintiff, DEBORAH PHILLIPS, gave notice to the Defendant, USAA INSURANCE COMPANY, of the aforesaid accident and of the Personal Injury Protection benefits requested under her policy of insurance.

35. By reason of the aforesaid accident and the injuries sustained by the Plaintiff, the Plaintiff, DEBORAH PHILLIPS, is entitled to benefits pursuant to the aforesaid policy and New Jersey statute.

36. The Defendant, USAA INSURANCE COMPANY, has refused and continues not to honor all the claims of the Plaintiff herein for payment of the personal injury protection benefits.

WHEREFORE, the Plaintiff, DEBORAH PHILLIPS, demands judgment against the Defendant, USAA INSURANCE COMPANY, for (1) All sums that are payable under the

aforesaid insurance policy and the laws of the State of New Jersey; (2) Interest; (3) Costs of suit;

(4) Attorneys Fees.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that the Plaintiff(s) hereby demands a trial by jury as to all

issues contained herein.

BROWN, NOVICK & COLARULO

Dated: 12/15/14

By: Milton W. Brown, Esq.
Attorney for Plaintiff(s)
Attorney ID # 019891990

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that, pursuant to R. 4:25-4, MILTON W. BROWN is hereby

designated as trial counsel in the above captioned case.

BROWN, NOVICK & COLARULO

Dated: 12/15/14

By: Milton W. Brown, Esq.
Attorney for Plaintiff(s)
Attorney ID # 019891990

## CERTIFICATION PURSUANT TO R. 4:5-1

This is to certify that, to the best of my knowledge, the matter in controversy is not the

subject of any other action pending in any court or of a pending arbitration proceeding, nor is any

other action or arbitration proceeding contemplated. Further, at this time, there are no known

other parties who should be joined in this action.

BROWN, NOVICK & COLARULO

Dated: 12/15/14

By: Milton W. Brown, Esq.
Attorney for Plaintiff(s)
Attorney ID # 019891990